UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURMEET SINGH,<br><br>    Petitioner,<br><br>v.<br><br>FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>    Respondents. | Case No. 24-cv-03472-RMI<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; SHOW CAUSE ORDER**<br><br>Re: Dkt. Nos. 2, 3 |

Petitioner, a federal detainee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his prolonged detention by the United States Immigration and Custom Enforcement (ICE) at the Mesa Verde Processing Center in Bakersfield, California. He also filed a motion to proceed in forma pauperis. (dkt. 2).

## DISCUSSION

### Standard of Review

This court may entertain a petition for a writ of habeas corpus on behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id*. § 2243.

### Legal Claims

Petitioner has been in ICE custody for nearly three years, and he was eligible for removal on October 4, 2023. (dkt. 1 at 4). Since then, no action has been taken while he remains in custody. (*id*.) He seeks release due to the delay in final removal. (*id*. at 4-5).

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by non-citizens challenging the lawfulness of their detention. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Although 8 U.S.C. § 1231(a)(6) authorizes the government to continue to detain an alien after entry of a final removal order, it does not permit indefinite detention of an alien because his native country will not accept him. *See id*. at 687-88, 697- 98. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. *Id*. at 699-700.

Liberally construed, the petition states a cognizable claim for habeas relief under § 2241 based on petitioner's prolonged detention by ICE. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

Petitioner has also requested the appointment of counsel. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). But 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." Petitioner has presented his claim adequately and the issues are not complex. The Court finds that the interests of justice do not warrant the appointment of counsel at this time.

## CONCLUSION

Plaintiff's application to proceed in forma pauperis (dkt. 2) is **GRANTED**. The motion to appoint counsel (dkt. 3) is **DENIED** without prejudice.

The Clerk shall serve electronically (1) a copy of this order and (2) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service) upon the Respondent and the Respondent's attorney, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov; (2) michelle.lo@usdoj.gov; and (3) kathy.terry@usdoj.gov. The petition and exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

Respondent shall file with the court and serve on Petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

1 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

2 Respondent shall file, with the Answer, and serve on Petitioner, a copy of all portions of the state

3 trial record that have been transcribed previously and that are relevant to a determination of the

4 issues presented by the Petition.

5 If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the

6 court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

7 Respondent may file a motion to dismiss on procedural grounds in lieu of an Answer, as

8 set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

9 If Respondent files such a motion, it is due fifty-six (56) days from the date that this order is

10 entered. If a motion is filed, Petitioner shall file with the court, and serve on Respondent, an

11 opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion,

12 and Respondent shall file with the court, and serve on Petitioner, a reply within fourteen (14) days

13 of receipt of any opposition.

14 Petitioner is reminded that all communications with the court must be served on

15 Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep

16 the court informed of any change of address and must comply with the court's orders in a timely

17 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

18 to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.

19 1997) (Rule 41(b) applicable in habeas cases).

20 **IT IS SO ORDERED.**

21 Dated: June 25, 2024

ROBERT M. ILLMAN
United States Magistrate Judge